In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-024 CR


____________________



TONY ANTHONY GUIDRY, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 410th District Court


Montgomery County, Texas


Trial Court Cause No. 01-03-01840-CR






OPINION


 A jury convicted Tony Guidry of the state jail felony offense of Fraudulent Use or
Possession of Identifying Information. Tex. Pen. Code Ann. § 32.51 (Vernon 2003). 
The trial court assessed punishment at confinement in a state jail facility for a term of two
years. The trial court suspended imposition of the punishment and placed Guidry on
community supervision for a period of five years. Terms of appellant's community
supervision included restitution to the victims and confinement in the Montgomery County
Jail for a term of fifteen days. Guidry raises three issues for our consideration. 

 In issue one he says a new trial should be granted due to newly discovered evidence. 
Tex. Code Crim. Proc. Ann. art. 40.001 (Vernon Supp. 2003) provides that "[a] new
trial shall be granted an accused where material evidence favorable to the accused has been
discovered since trial." Under that statute, a defendant is entitled to a new trial if (1) the
newly discovered evidence was unknown to him at the time of trial; (2) his failure to
discover the new evidence was not due to his lack of due diligence; (3) the new evidence
is admissible and not merely cumulative, corroborative, collateral, or impeaching; and (4)
the new evidence is probably true and will probably bring about a different result in a new
trial. Wallace v. State, 106 S.W.3d 103, 107-08 (Tex. Crim. App. 2003); Keeter v. State,
74 S.W.3d 31, 36-37 (Tex. Crim. App. 2002). 

 The "newly discovered evidence" involved an alleged violation of the sequestration
of witnesses rule (The Rule). See Tex. R. Evid. 614; Tex. Code Crim. Proc. Ann. arts.
36.03, 36.05, 36.06 (Vernon 1981 & Supp. 2003). The trial court conducted an
evidentiary hearing on the motion for new trial. Guidry presented affidavits, witnesses,
and documentary evidence for the trial court's consideration. Appellant contends The Rule
was violated when three of the State's witnesses peered through the window of the door
leading into the courtroom and made comments to each other somewhat derogatory of
Guidry, who was seated at counsel table. Appellant contends this exchange among the
State's witnesses was harmful to him because two of the three were identification witnesses
and allegedly had expressed uncertainty at being able to recognize him as the perpetrator,
but following the window discussion the witnesses were positive of their in-court
identification of him.

 These witnesses were Gary Blanchard, the salesperson at Texan Harley-Davidson,
upon whom the fraud was perpetrated, Marcus McShan, a salesperson at Allied Power
Mart, upon whom a similar fraudulent transaction was perpetrated in November 2000, and
Edwin Tardo, whose identity was used to perpetrate both fraudulent transactions. A close
reading of all the evidence before the trial court at the motion for new trial hearing
provides no support for appellant's contention that prior to the conversation at the
courtroom door window, the identification witnesses were unsure that Guidry was the
perpetrator. The testimony from both appellant's wife, Denise Guidry, and appellant's
mother-in-law, Sally Lehman, indicate that Blanchard never equivocated in his ability to
identify Guidry. We also find nothing to indicate that McShan expressed any doubt about
his identification of Guidry as the perpetrator of the extraneous fraudulent transaction. As
Tardo was not an identification witness, his participation in any alleged discussion of
appellant's identity was of no consequence. The evidence elicited at the motion for new
trial hearing regarding any alleged violation of The Rule was not material other than
perhaps for impeachment. The evidence was not particularly favorable to Guidry or his
case, and was not of a nature likely to cause a different result. Furthermore, it was within
the trial court's discretion to find that Guidry failed to meet the due diligence requirement
regarding any of this "newly discovered evidence." Wallace, 106 S.W.3d at 107-08;
Keeter, 74 S.W.3d at 36-37. We overrule issue one. (1) 

 Issue two complains of the admission of State's Exhibit 7, a copy of a fax purported
to be confirmation of insurance coverage for the motorcycle acquired through the use of
fictitious documents. Gary Blanchard testified that, at the time of the sale of the
motorcycle, he requested proof of insurance coverage from appellant. Appellant, posing
as Edwin Tardo, made a cell phone call and, moments later, the fax appeared at the
dealership. Blanchard testified that he did not know where the fax originated but that it
had all the proper information on it. When the State tendered State's Exhibit 7 for
admission into evidence, the following exchange occurred: 

 [Trial Counsel]: Your Honor, I'm going to object on the basis of
improper predicate. This hasn't been entered as a business record, anything
like that. It's -- as a result, it's hearsay.


 [State]: Your Honor, the state's not offering this as a business record. 
The State's offering it as a -- as a document that was kept in the course --
that was kept at the Harley-Davidson -- which was requested by the purchase
-- purchaser as coverage for the motorcycle the subject of this cause.


 [Trial Counsel]: Judge, we don't -- he testified himself he doesn't
know who drafted that document, who drew it up. You know, he just
received it over the fax one day. We don't -- it's not authenticated in any
way. Judge.


 THE COURT: Just said he had -- he had received it.


 THE WITNESS: Yes, sir.


 THE COURT: All right. Objection's overruled. Number 7 is
admitted. 


 At trial, Guidry's objections to State's Exhibit 7 were lack of authentication and
hearsay. Guidry's brief cites Rule 104(b) of the Texas Rules of Evidence, which discusses
relevance conditioned on a fact. Guidry also references a treatise on evidentiary
foundations. 

 Rule 901(a) of the Texas Rules of Evidence provides that the requirement of
authentication or identification as a condition precedent to admissibility is satisfied by
evidence sufficient to support a finding that the matter in question is what its proponent
claims. And, by way of illustration, Rule 901(b)(1) refers to testimony of a witness with
knowledge that a matter is what it is claimed to be. Blanchard identified State's Exhibit
7 as the fax he received at Texan Harley-Davidson as a result of appellant's placing a cell-phone call. We overrule Guidry's authentication argument under issue two. 

 We next address appellant's hearsay objection. Guidry was charged with using
identification of another with intent to harm or defraud. The probative value of the fax
was not the truth of what the fax stated -- that Edwin Tardo had secured liability insurance
on the motorcycle -- but as evidence of what was presented in furtherance of the crime,
as well as what appeared atop the face of the fax: "From: Tony Guidry." The State
makes this distinction with its citation to Dinkins v. State, 894 S.W.2d 330, 347 (Tex.
Crim. App. 1995). There the Court explained that "[a]n extrajudicial statement or writing
which is offered for the purpose of showing what was said rather than for the truth of the
matter stated therein does not constitute hearsay." Id. (emphasis in original). See also
Gholson v. State, 542 S.W.2d 395, 398 (Tex. Crim. App. 1976). State's Exhibit 7 was
admissible as a false identity document used in the crime. The document contained
appellant's true identity as well as a false identity, but the presence of his true identity does
not defeat the admissibility of the document. 

 The document did state that it came from Tony Guidry. But Tex. R. Evid.
801(e)(2) provides that an out-of-court statement is not hearsay when offered against a
party and is either the party's own statement or a statement which the party has adopted. 
Blanchard's testimony indicated appellant caused the fax to appear at Texan Harley-Davidson, an act in furtherance of a fraudulent acquisition of the motorcycle. Being the
source of the creation of State's Exhibit 7, appellant's actions in furtherance of the
fraudulent transaction manifested an adoption, or sponsorship, of the assertions contained
within the fax, making the statement on the fax an admission by a party-opponent. See
Martinez v. State, 48 S.W.3d 273, 277 (Tex. App.-- San Antonio 2001, pet. ref'd). The
fact that appellant may not have noticed his own name displayed at the top of the fax does
not defeat the document's admissibility under Rule 801(e)(2)(B). The trial court did not
err in admitting State's Exhibit 7 over appellant's hearsay objection. Issue two is
overruled.

 Guidry's final issue complains of the trial court's refusal to permit testimony
"concerning the state of the Appellant's health and his ability physically to participate in
[the] crime alleged." Our examination of the trial record indicates that the trial court
permitted Guidry to introduce defendant's exhibits 3 and 4, a list from Wal-Mart of
Guidry's prescriptions and some document, dated November 22, 2000, from the Conroe
Emergency Room. The trial court initially refused to admit defendant's exhibit 3, but later
reversed that decision and permitted it to be introduced. Other than those documents and
other medically-related evidence Guidry sought to have admitted at the motion for new trial
hearing, Guidry does not direct our attention to any other evidence concerning his physical
condition. The evidence offered by Guidry at the motion for new trial hearing refers to
information about Guidry's physical condition known to him prior to the time of his trial.
It does not appear to contain "newly discovered evidence" as Guidry claims. 

 In the "Statement of Facts" portion of his brief, Guidry references the following
exchange: 


 Q.[Trial Counsel] Okay. Now, when did he - - and he applied for SSI benefits;
isn't that right?


 A.[Denise Guidry] Immediately.


 Q. Okay. And when did he start receiving those?


 A. He received five supplemental payments. 


 [State] Your Honor, I'm going to object as to the relevancy of this
line of questioning.


 THE COURT: That's sustained.


Error may not be predicated upon a ruling which excludes evidence unless a substantial
right of the party is affected, and the substance of the evidence was made known to the
court by offer, or was apparent from the context within which questions were asked. Tex.
R. Evid. 103(a)(2). Appellant made no offer of proof as to what his line of inquiry on the
Social Security benefits would have established. Both he and his wife testified as to the
poor state of his health. Other than that, we have no way of knowing what additional
substantive evidence would have been produced from trial counsel's pursuit of the Social
Security benefits information. As no proof was offered, appellant has presented nothing
for our review. Issue three is overruled. 

 The judgment and the sentence of the trial court are affirmed.

 AFFIRMED.

 ___________________________________

 DAVID B. GAULTNEY

 Justice


Submitted on October 17, 2003

Opinion Delivered November 12, 2003

Publish


Before McKeithen, C.J., Burgess, and Gaultney, JJ.

1. In a cryptic statement under issue one, Guidry says the trial court should have
granted the motion for new trial because newly discovered photographic evidence was not
considered. He presents no argument or authorities to support his claim, and we do not
consider it. See Tex. R. App. P. 38.1(h).