Shakoofeh E. **REZAIE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–05–00649–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 29, 2007.

Rehearing Overruled Feb. 7, 2008.

Discretionary Review Refused
June 11, 2008.

Angela L. Cameron, Mary Connealy Acosta, Houston, TX, for Appellant.

Charles A. Rosenthal, Jr., District Attorney–Harris County, Shirley Cornelius, Assistant District Attorney–Harris County, Houston, TX, for Appellee.

Panel consists of Justices NUCHIA, JENNINGS, and KEYES.

## OPINION

SAM NUCHIA, Justice.

Appellant, Shakoofeh E. Rezaie, was charged by indictment with fraudulent use of identifying information with intent to harm and defraud another. A jury found her guilty as charged, and the trial court assessed punishment at confinement for one year. In her sole issue, appellant complains that the trial court erred in admitting business records under Texas Rules of Evidence 803(6) and 902(10). We affirm.

## BACKGROUND

Ileana Altamirez and appellant lived in the same condominium community for approximately five years. Although the two lived some distance from each other and had no personal relationship, their homes shared a common mail area in which mail was sometimes left on top of residents' mailboxes instead of being placed in the locked mailboxes. In the summer of 2004, Altamirez owned approximately five credit cards, none of which was a Dillard's card, and had excellent credit.

A phone call from Discover Card on August 4, 2004, led Altamirez to put a security alert on her credit line. On August 9, Altamirez contacted police after learning that her name, social security number, and birth date had been used repeatedly to apply for credit cards addressed to appellant's apartment—number 9—instead of her own—number 4.

On August 12, appellant used a Dillard's credit card, which was approved on Altamirez's credit information, but issued in appellant's name, to buy men's cologne, triggering an alert. When confronted by a Dillard's security officer, appellant said that her mother authorized her to get the credit. However, the officer placed a phone call to Altamirez and learned that appellant was neither Altamirez's daughter nor an authorized user of her credit. Appellant was arrested and charged with fraudulent use of identifying information.

At trial, the State introduced a computer printout of an application for credit. This application was attached to the affidavit of James Kucharski, the custodian of records of Dillard National Bank (the Bank). The affidavit stated:

> I, James Kucharski, am an officer in charge of records for the above-named organization. I am responsible for those records requested in the Subpoena,

which was served upon and directed to Dillard National Bank and/or myself.

To the best of my knowledge, the records produced with this Affidavit are true and correct records, which were made at or near the time, indicated in the documents and were transmitted by or to a person in Dillard National Bank.

The records produced with this Affidavit were kept in the regular course of business activity of this organization, and it is and was at all relevant times the regular practice of the organization to make or keep the records produced.

The above statements are based on my personal knowledge and are true and correct to the best of my knowledge.

The application contained Altamirez's name, birth date, social security number, and mother's maiden name, but listed appellant's address, which was the same as Altamirez's except for the apartment number. The application showed the same account number that was on the Dillard's credit card used by appellant. Appellant's attorney objected to admission of the application as follows:

Judge, I have several objections. One would be that the affidavit doesn't identify what documents are supposed to be contained in the affidavit. It doesn't list the number, doesn't describe what they're supposed to be. I believe under the section, it talks about, they give an example in the Code of the business records affidavit, and normally you've got the number of pages and some description of what's in there.

The other objection is that it doesn't meet the business records exception in that it doesn't say an employee with personal knowledge of the information made, recorded it, that type of thing. I know it says something about somebody—it was transmitted, but it doesn't say that's somebody who had personal knowledge of the information which is

what the requirement is, which gives credibility to business records. That's my objection.

THE COURT: It states I am responsible for the records requested in the subpoena.

DEFENSE ATTORNEY: And, I do agree with that, but what it doesn't say is that an employee with personal knowledge of the information about which the records relate either made those records or received them, that type of thing. That's the objection.

SECOND ATTORNEY: Also, the other thing I might add, it opens the possibility this was just transmitted to a person at Dillard's National Bank, and that doesn't necessarily make it a business record. It speaks to records—there is just one page here.

THE COURT: Objection overruled. Number 2 is admitted.

After the application was admitted into evidence, Altamirez testified that the entries on the application, except for the apartment number and telephone number, were her identifying information and that she neither applied for the credit nor gave her permission to another to apply.

## DISCUSSION

In her sole point of error, appellant contends that the Dillard's application was inadmissible as a business record because Kucharski's affidavit lacked an explicit "made by a person with knowledge" statement. *See* Tex.R. Evid. 803(6), 902(10). In the alternative, appellant argues that the application's contents were "hearsay within hearsay," and therefore inadmissible. *See* Tex.R. Evid. 805. The State responds that the application was not hearsay and, thus, rules 803(6) and 902(10) were not applicable. We agree with the State.

### Standard of Review

The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. TEX.R. EVID. 901(a). We review a trial court's admission or exclusion of evidence for abuse of discretion. *Green v. State,* 934 S.W.2d 92, 101–02 (Tex.Crim. App.1996). As long as the trial court's evidentiary ruling is within the zone of reasonable disagreement, an appellate court may not disturb it. *Id.* at 102; *accord Vinson v. State,* 221 S.W.3d 256, 260 (Tex.App.-Houston [1st Dist.] 2006, pet. granted) (applying same "abuse of discretion" and "zone of reasonable disagreement" standards in hearsay context). A trial court goes beyond the zone of reasonable disagreement in evidentiary rulings only when it "act[s] without reference to *any* guiding rules and principles." *Montgomery v. State,* 810 S.W.2d 372, 380 (Tex. Crim.App.1991) (emphasis added) (citation omitted) (stressing that trial court judges have " 'a limited right to be wrong,' so long as the result is not reached in an arbitrary or capricious manner").

### The Evidence

Appellant's objections at trial and her issue on appeal assume that the application attached to Kucharski's affidavit was hearsay and that it could be admitted into evidence only under the business-records exception pursuant to rules 803(6) and 902(10). *See* TEX.R. EVID. 803(6), 902(10). Although the application is a record that is kept by the Bank, it is not hearsay. The rules define hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." TEX.R.

EVID. 801(d). An out-of-court statement or writing that is offered to show what was said, and not for the truth of the statement, is not hearsay. *Dinkins v. State,* 894 S.W.2d 330, 347 (Tex.Crim.App.1995).

In the present case, the computer printout of the credit application was offered to show that a credit card had been applied for. The application was not offered to prove either who made the application or the truth of the statements within the application. Rather, it was offered to show that an application was made. Kucharski's affidavit, while not a model of clarity, is sufficient, in the absence of a specific objection, to authenticate the application as a record of the Bank.[1] *See* TEX.R. EVID. 901(a); *Guidry v. State,* 121 S.W.3d 849, 852 (Tex.App.-Beaumont 2003, no pet.) (upholding admission of copy of fax through testimony of recipient).

Appellant contends that, even if the application was properly admitted, the individual entries on the application were hearsay because the application was offered to prove the truth of the entries containing Altamirez's identifying information. The record does not support this contention. The issue was not the truth of the entries, but that the entries were made and that they identified Altamirez and not some other person. It was the testimony of Altamirez, not the admission of the application, that established that the entries were information identifying Altamirez, but not provided by her.

We hold that the application was not offered to prove the truth of the statements contained therein and was therefore not hearsay. We further hold that the affidavit was sufficient to support a finding that the application was a record kept by the Bank. Accordingly, we hold that the

---

1. We note that appellant did not object that the affidavit was equivocal although the phrase, "to the best of my knowledge" was used twice.

trial court did not abuse its discretion in admitting the application into evidence.

We affirm the conviction.

Justice JENNINGS, concurring.

TERRY JENNINGS, Justice, concurring.

In her sole issue, appellant, Shakoofeh E. Rezaie, argues that the trial court erred in admitting a computer printout of a credit application into evidence as a business record because the supporting business record affidavit "does not include a statement that the records were made by a person with personal knowledge." However, the computer printout is a business record, and the supporting business record affidavit substantially complies with Texas Rules of Evidence 803(6) and 902(10). *See* TEX.R. EVID 803(6), 902(10). Accordingly, I concur in the judgment of this Court.

A person commits the offense of fraudulent use or possession of identifying information "if the person obtains, possesses, transfers, or uses identifying information of another person without the other person's consent and with intent to harm or defraud another." Act of May 29, 1999, 76th Leg., R.S., ch. 1159, § 1, 1999 Tex. Gen. Laws 4064, 4064 (amended 2003 & 2007) (current version at TEX. PENAL CODE ANN. § 32.51(b) (Vernon Supp. 2007)). "Identifying information" includes, among other things, an individual's name, social security number, date of birth, and government-issued identification number. TEX. PENAL CODE ANN. § 32.51(a)(1)(A).

Here, in order to prove appellant guilty of the offense, the State had to show that appellant had, in fact, used the complainant's identifying information to obtain the Dillard's credit card. It did this by introducing State's Exhibit 2, the computer printout of the application for credit, attached to the business records affidavit of James Kucharski, the custodian of records for Dillard National Bank ("the Bank").

The computer printout showed that the *complainant's* name, social security number, and birth date had been used on the application along with *appellant's* apartment number.

The majority asserts that "[t]he computer printout of the credit application was not offered to prove the truth of the statements within the application. Rather, it was offered to show that an application was made." It concludes, therefore, that "[a]lthough the application is a record that is kept by the Bank, it is not hearsay." Again, however, the State needed to prove not just that "an application was made," but, more specifically, that *appellant* actually *used* the complainant's identifying information in the application. *See id.* § 32.51(b). The State did this by showing that appellant used appellant's own address, apartment number 9, instead of the complainant's address, apartment number 4, on the application. This directly connected appellant to the offense. Thus, the State used the credit application to prove the truth of at least one of the matters asserted in the application. *See* TEX.R. EVID. 801(c) (" 'Matter asserted' includes any matter explicitly asserted, and any matter implied by a statement, if the probative value of the statement as offered flows from declarant's belief as to the matter."). The majority errs in concluding otherwise.

Nevertheless, the trial court did not err in admitting the credit application into evidence as a business record. Appellant argues that the supporting affidavit of Kucharski is not in substantial compliance with the rules of evidence because it "fails to state the records were made by a person with knowledge." *See* TEX.R. EVID 803(6), 902(10). In his affidavit, Kucharski states that the record was "made at or near the time indicated in the documents and were transmitted by or to a person in

Dillard National Bank." Although Kucharski did not expressly state that the credit application was transmitted by or to a person "with knowledge," such knowledge can be inferred from the statement itself. Presumably, one has knowledge of what one is receiving and transmitting.

Although it is clearly the better practice to follow verbatim the sample affidavit supplied in rule 902(10)(b), "an affidavit which substantially complies" with the rule "shall suffice." TEX.R. EVID. 902(10)(b). Moreover, the ultimate issue under rule 803(6) is the reliability of the record. *See Harris v. State*, 846 S.W.2d 960, 964 (Tex. App.-Houston [1st Dist.] 1993, pet. ref'd) (citing *United States v. Hines*, 564 F.2d 925 (10th Cir.1977), *aff'd*, 434 U.S. 1022, 98 S.Ct. 748, 54 L.Ed.2d 770 (1978)). Here, the Bank had a great interest in assuring that the information obtained from those applying for credit correspond with its records. *See id.* Because the information in the computer printout possesses a high degree of trustworthiness and because Kucharski testified that it was kept in the regular course of the Bank's business, I would hold that it was admissible under rules 803(6) and 902(10)(b). *See id.*

Alternatively, appellant argues that "portions of the document do not qualify as business records and, thus, contain 'inadmissible hearsay within hearsay.'" However, appellant did not object to the evidence on this basis in the trial court. Thus, she waived any error on this ground. *See* TEX.R.APP. P. 33.1.

Accordingly, I concur in the judgment of this Court.