*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

# MEMORANDUM OPINION

No. 04-08-00259-CV

John A. **LYONS**,
Appellant

v.

Lauri D. **LYONS**,
Appellee

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2005-CI-05392
Honorable Barbara Hanson Nellermoe, Judge Presiding

Opinion by:    Phylis J. Speedlin, Justice

Sitting:       Catherine Stone, Chief Justice
               Karen Angelini, Justice
               Phylis J. Speedlin, Justice

Delivered and Filed:   January 14, 2009

AFFIRMED

This appeal arises from a divorce action. John A. Lyons appeals the trial court's judgment on three grounds: (1) the trial court abused its discretion in excluding business records; (2) the trial court erred in the entry of its findings of fact and conclusions of law; and (3) the trial court denied him due course and due process rights by allowing two separate final trials on the merits. We affirm the trial court's judgment.

## BACKGROUND

John Lyons and Lauri Lyons married on March 29, 1998. Lauri filed the underlying suit for divorce on April 6, 2005. At the time of the divorce, John and Lauri owned several investment and retirement accounts. On October 24, 2005, the case was set for a final hearing but was suspended after the trial court ordered Lauri to hire an accountant to trace the accounts John claimed as his separate property. Instead of Lauri hiring an accountant, John agreed to provide her with authorizations for the release of all of his financial records from any record keeper.

The case was set for trial on August 15, 2007. During trial, John argued that the investment and retirement accounts were his separate property because he had owned all of the accounts prior to the marriage. The trial court, however, ruled that all of the accounts were community property with the exception of amounts deposited by John into a Verizon savings account prior to March 29, 1998, which was designated as John's separate property.

On November 29, 2007, the case was set for hearing on a Motion to Enter Final Decree of Divorce. At the hearing, John argued that he possessed documents that would support his contention that he owned all of the investment and retirement accounts prior to the marriage, and he filed a motion to re-open the evidence. The court granted John's motion to re-open the evidence, and the case was set for another hearing on March 14, 2008. At the end of that hearing, the trial court re-affirmed its August 2007 ruling.

## BUSINESS RECORDS

In his first issue, John contends the trial court abused its discretion in excluding the business records that accompanied the business records affidavit of Ellen Fong. According to John, during the March 14, 2008 hearing, the trial court admitted the affidavit of Ellen Fong; however, the court did not admit the documents that were attached to the affidavit after Lauri objected that the affidavit:

(1) did not state the number of pages of records that were attached; (2) was not notarized; and (3) was not prepared by the custodian of records. John contends that the affidavit substantially complied with the Texas Rules of Evidence; therefore, the trial court should have admitted the documents into evidence.

We review a trial court's admission or exclusion of evidence under an abuse of discretion standard. *Rezaie v. State*, 259 S.W.3d 811, 814 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). As long as the trial court's evidentiary ruling is within the zone of reasonable disagreement, the ruling may not be disturbed on appeal. *Id*. Only when a trial court acts without reference to any guiding rules and principles does it go beyond the zone of reasonable disagreement. *Id*.

Rule 902(10)(a) of the Texas Rules of Evidence allows business records to be offered under Rule 803(6) and admitted into evidence if the records are accompanied by an affidavit at least fourteen days prior to trial. TEX. R. EVID. 902(10)(a). Rule 902(10)(b) sets out the form of affidavit to be used when business records are introduced; however, Rule 902(10)(b) also states that the form provided in the rule is not exclusive, and an affidavit that substantially complies with the sample affidavit will suffice. TEX. R. EVID. 902(10)(b); *see also Kyle v. Countrywide Home Loans, Inc.,* 232 S.W.3d 355, 360-61 (Tex. App.—Dallas 2007, pet. denied); *Fullick v. City of Baytown*, 820 S.W.2d 943, 944 (Tex. App.—Houston [1st Dist.] 1991, no writ).

Section 312.011(1) of the Texas Government Code defines an affidavit as a "statement in writing of a fact or facts signed by the party making it, sworn to before an officer authorized to administer oaths, and officially certified to by the officer under his seal of office." TEX. GOV'T CODE ANN. § 312.011(1) (Vernon 2005). An affidavit without a notary's seal is not properly notarized and therefore, is defective. *Venable v. State*, 113 S.W.3d 797, 800 (Tex. App.—Beaumont

2003, pet. ref'd); *see also Wilie v. Signature Geophysical Services, Inc.,* 65 S.W.3d 355, 361 (Tex. App.—Houston [14th Dist.] 2001, pet. denied).

In this case, the affidavit of Ellen Fong offered by John was not properly notarized. The absence of the notarial seal itself renders the affidavit defective. *See Venable*, 113 S.W.3d at 800. Because the affidavit was not notarized, we conclude that the affidavit failed to substantially comply with the form provided in Rule 902(10)(b). *See id.* Accordingly, we hold the trial court did not err in excluding the business records attached to Ellen Fong's affidavit. John's first issue is overruled.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

In his second issue, John challenges the sufficiency of evidence to support the trial court's finding that the investment and retirement accounts, with the exception of the amounts deposited prior to March 29, 1998 by him in the Verizon savings account, were community assets.[1] John contends the trial court's findings regarding the accounts are inconsistent with the evidence adduced on October 24, 2005, are incomplete, and misstate the procedural history of the case. As such, John contends this court should remand the case for a new trial.

"A trial court's findings of fact are reviewed for factual sufficiency of the evidence under the same legal standards as applied to review jury verdicts for factual sufficiency of the evidence." *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996); *see also Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994). In our review, we weigh all the evidence in the record and overturn findings only if the evidence is so against the great weight and preponderance of the evidence that the findings are

---

[1] Although John's brief on this issue also alludes to the trial court awarding less than half of the community estate to a spouse who wasted or misused community property and John extensively refers to the factors the trial court must consider in making a just and right division of the community estate, the divorce decree awards one-half of the property found to be community property to John in addition to the property the trial court found to be his separate property. Accordingly, we construe the crux of John's complaint to be the trial court's characterization of the investment and retirement accounts as community property.

clearly wrong and unjust. *See Ortiz*, 917 S.W.2d at 772; *see also Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986). In the event we find a finding to be factually insufficient, we must clearly state why the jury's finding is factually insufficient or is so against the great weight and preponderance of the evidence as to be manifestly unjust. *See Ortiz*, 917 S.W.2d at 772.

Property possessed by either spouse at the dissolution of the marriage is presumed to be community property, and a party who contends that property existed prior to marriage must prove the separate character of the property by clear and convincing evidence. TEX. FAM. CODE ANN. § 3.003 (Vernon 2006). Clear and convincing evidence is defined as that "measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM. CODE ANN. § 101.007 (Vernon 2002); *Boyd v. Boyd*, 131 S.W.3d 605, 610 (Tex. App.—Fort Worth 2004, no pet.). "Mere testimony that property was purchased with separate property funds, without any tracing of the funds, is generally insufficient to rebut the presumption." *McElwee v. McElwee*, 911 S.W.2d 182, 188 (Tex. App.—Houston [1st Dist.] 1995, pet. denied).

After reviewing all the evidence, we conclude that the findings of fact are not so against the great weight and preponderance of the evidence as to be manifestly unjust. *See Ortiz*, 917 S.W.2d at 772. At the dissolution of the marriage, John and Lauri possessed several investment and retirement accounts, and the presumption is these accounts are community property. *See* TEX. FAM. CODE ANN. § 3.003. To rebut the presumption of community property, John was required to prove the separate character of the investment and retirement accounts by clear and convincing evidence. *See id.* Other than his testimony, however, John did not present any evidence of the premarital existence of any of the investment or retirement accounts with the exception of the amounts deposited by him prior to March 29, 1998 in the Verizon Savings account. While John contends he

proffered business records to rebut the presumption that the investment and retirement accounts were community property, we previously held that the trial court did not abuse its discretion in excluding these records. In addition, Lauri offered financial records showing that the accounts were opened after the date of the marriage. Acting in her capacity as the fact finder, the trial judge was the sole judge of the credibility and weight to be given to John's testimony and Lauri's proffered evidence, and as a result, the trial judge was not required to accept John's testimony as dispositive of the issue. *See In re Marriage of Royal*, 107 S.W.3d 846, 851 (Tex. App.—Amarillo 2003, no pet.). Without any tracing of the funds, we cannot conclude John's mere testimony rebutted the presumption that the investment and retirement accounts were community property. *See McElwee*, 911 S.W.2d at 188. Accordingly, we conclude the trial court's findings of fact are not against the great weight and preponderance of the evidence. *See Ortiz*, 917 S.W.2d at 772. John's second issue is overruled.

### DUE COURSE AND DUE PROCESS RIGHTS

In his third issue, John contends the trial court denied him due course and due process rights by allowing two separate final trials to occur. John notes the case was first scheduled for an October 2005 hearing. At that hearing, the trial court ordered Lauri to hire an accountant after she objected that John failed to adequately respond to discovery requests. John contends the case was then erroneously scheduled for a second final trial and reassigned to another trial court. John argues that the two separate trials resulted in the mischaracterization of his separate property as community property.

As a preliminary matter, in order to preserve error for appeal, a party must show that a complaint was made to the trial court by a timely and specific request, objection, or motion with respect to the alleged error. TEX. R. APP. P. 33.1(a)(1). The record in this case does not establish that John objected to either the August 15, 2007 trial setting or the March 14, 2008 hearing. While

John contends he informed the trial court of the October 2005 hearing at the August 15, 2007 trial setting, he did not make a written or oral objection to the new setting. Accordingly, John failed to preserve this complaint for our review. *See* TEX. R. APP. P. 33.1(a)(1). John's third issue is overruled.

**CONCLUSION**

The trial court's judgment is affirmed.

Phylis J. Speedlin, Justice