**AFFIRMED; Opinion Filed August 21, 2018.**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00295-CR

**JULIO IVAN BAUTISTA, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 4**
**Dallas County, Texas**
**Trial Court Cause No. F16-75991-K**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Evans, and Schenck
Opinion by Justice Evans

A jury convicted Julio Ivan Bautista of continuous sexual abuse of a child, and the trial court assessed punishment at forty years' imprisonment. In a single issue, Bautista asserts the trial court "erred in allowing an expert to opine that the complainant was telling the truth." We affirm the trial court's judgment.

## BACKGROUND[1]

Bautista was indicted in August 2016, shortly after the complainant, his step-daughter, disclosed to her mother that Bautista had abused her for the last five years. At the time the abuse began, the complainant was eight years old.

---

[1] Because the sufficiency of the evidence is not challenged, we provide only a brief recitation of the facts.

At trial, the State presented no physical evidence but relied on the detailed testimony of the complainant, her mother, and the forensic interviewer to establish Bautista had sexually assaulted the complainant multiple times. The State also called the investigating detective who testified he prepared Bautista's arrest warrant after observing the complainant's forensic interview; the nurse examiner who explained physical examinations of sexual abuse victims do not always yield evidence; a Department of Family and Protective Services ("DFPS") investigator who testified her "conclusion," after investigating the allegations, "was reason to believe" Bautista had sexually abused the complainant; and the complainant's counselor who testified partly about the effect the abuse had on the complainant. Bautista called only himself as a witness and denied the allegations.

## ANALYSIS

Bautista's sole issue asserts the trial court erred in allowing the DFPS investigator to testify as to her conclusion regarding the abuse. Bautista maintains the testimony constituted improper expert opinion testimony regarding the complainant's truthfulness and should have been excluded. *See Schutz v. State*, 957 S.W.2d 52, 59 (Tex. Crim. App. 1997) (citations omitted) (expert testimony that "constitutes 'a direct opinion on the truthfulness' of a child complainant's allegations" does not assist the jury and is not admissible.). Bautista further asserts he was harmed by the investigator's testimony because no evidence independent of the complainant's statements was presented, he denied the allegations, and the record reflects the State "emphasized in argument that the 'experts' saw no reason to think [the complainant] was lying."[2] The State responds, in part, that Bautista failed to preserve error because his argument on appeal does not comport with his objection at trial.

We review a trial court's ruling on the admission of evidence for abuse of discretion and will uphold the ruling unless the trial court "acted without reference to any guiding rules and

---

[2] The argument was in rebuttal after defense counsel argued reasons why the complainant could have lied about the abuse.

principles." *See Rezaie v. State*, 259 S.W.3d 811, 814 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (quoting *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1991)). If we determine the trial court abused its discretion, we will conclude the error was harmful and will reverse the trial court's judgment if the error affected the appellant's substantial rights. *See Gonzalez v. State*, 544 S.W.3d 363, 373 (Tex. Crim. App. 2018). However, we will conclude any error was waived if the complaint on appeal does not comport with the objection at trial. *See Lovill v. State*, 319 S.W.3d 687, 691–92 (Tex. Crim. App. 2009).

The record here reflects Bautista's objection at trial when the investigator testified as to her conclusion regarding the abuse was as follows:

> Objection, Judge. It's a – any conclusion on her part is based on hearsay. We would object to it because it's less probative and more impactful, I would say.

As the State argues, Bautista's complaint on appeal does not comport with his objection at trial. Accordingly, he has waived any error. *See Lovill*, 319 S.W.3d at 691–92. On the record before us, we decide Bautista's sole issue against him.

## CONCLUSION

We affirm the trial court's judgment.

/David Evans/
DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
170295F.U05

–3–



## Court of Appeals
## Fifth District of Texas at Dallas
# JUDGMENT

JULIO IVAN BAUTISTA, Appellant

No. 05-17-00295-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 4, Dallas County, Texas
Trial Court Cause No. F16-75991-K.
Opinion delivered by Justice Evans, Justices Lang-Miers and Schenck participating.

Based on the Court's opinion of this date, we **AFFIRM** the trial court's judgment.

Judgment entered this 21st day of August, 2018.