**Robert BURKE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 01–11–00190–CR, 01–11–00191–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 20, 2011.

Rehearing Overruled Feb. 2, 2012.

---

Stanley G. McGee, Angleton, TX, for Appellant.

Trey D. Picard, Assistant District Attorney, Angleton, TX, for Appellee.

Panel consists of Justices KEYES, HIGLEY, and MASSENGALE.

## OPINION

LAURA CARTER HIGLEY, Justice.

A jury found appellant guilty of two counts of aggravated-sexual assault of a child.[1] The jury assessed punishment at 70 years in prison with the sentences to run concurrently. Raising the same three issues in each appeal, appellant contends that (1) he received ineffective assistance of counsel during the guilt-innocence phase of trial; (2) the trial court abused its discretion by permitting the State to proffer expert opinion testimony regarding the truthfulness of the complainant child; and (3) the trial court erred during the punishment phase of trial when it allowed the State to ask a defense witness whether she had heard that appellant had been charged with an extraneous sex offense.

We affirm the judgment in each appellate cause.

## Background

On May 15, 2009, appellant babysat his nine-year-old nephew, J.B., at appellant's apartment in Brazoria County. During this visit, appellant sexually abused J.B. by placing his penis in J.B.'s mouth and in his anus. While he was assaulting J.B., appellant placed his hands around J.B.'s throat and choked him. Appellant told J.B. that he would hurt him if he told anyone about the abuse.

In December 2009, J.B. made an outcry to his mother, Sarah. J.B. told his mother the details of the sexual abuse that had occurred in Brazoria County. He also told her that appellant had molested him on two occasions before the May 2009 assault. Those acts had occurred at a house in Galveston County.

Following a police investigation, a Brazoria County grand jury indicted appellant on two counts of aggravated sexual assault with regard to the May 2009 abuse. The jury found appellant guilty on each count as charged in the indictment and assessed punishment at 70 years in prison for each count. These appeals followed.

## Ineffective Assistance of Counsel

In his first issue, appellant contends that he received ineffective assistance of counsel at trial. Appellant filed a motion for new trial but did not assert the ground for ineffective assistance of counsel in the motion that he now raises on appeal.

### A. Applicable Legal Principles

The Sixth Amendment to the United States Constitution guarantees the right to reasonably effective assistance of counsel in criminal prosecutions. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, a defendant must demonstrate both (1) that his counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for counsel's unpro-

---

1. See TEX. PENAL CODE ANN. § 22.021(a) (Vernon 2011).

fessional errors, the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 2064, 2068, 80 L.Ed.2d 674 (1984); *Andrews v. State,* 159 S.W.3d 98, 101–02 (Tex.Crim.App.2005). A failure to make a showing under either prong defeats a claim of ineffective assistance of counsel. *Rylander v. State,* 101 S.W.3d 107, 110–11 (Tex.Crim.App.2003).

An appellant bears the burden of proving by a preponderance of the evidence that his counsel was ineffective. *Thompson v. State,* 9 S.W.3d 808, 813 (Tex.Crim.App.1999). Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Id.* at 814. We presume that a counsel's conduct falls within the wide range of reasonable professional assistance, and we will find a counsel's performance deficient only if the conduct is so outrageous that no competent attorney would have engaged in it. *Andrews,* 159 S.W.3d at 101.

## B. Analysis

### 1. Lack of Rule 404(b) Objection

■ At trial, the State's first witness was J.B.'s mother, Sarah, to whom J.B. had made his outcry. Sarah testified that J.B. told her that appellant had molested him at a house in Galveston County on two occasions and at an apartment in Brazoria County on one occasion. J.B. also testified. He described for the jury how appellant had sexually assaulted him twice in Galveston County and once in Brazoria County.

On appeal, appellant asserts that his attorney should have objected to Sarah's and J.B.'s testimony regarding the extraneous acts that occurred in Galveston County. Appellant contends that evidence of the Galveston acts was inadmissible because it "interjects offenses before the jury that did not take place in Brazoria Coun-

ty." He argues that evidence of the Galveston County extraneous acts was not admissible because "venue was not laid in Brazoria County" for those offenses. Appellant asserts that the extraneous offenses were inadmissible pursuant to Rules of Evidence 403 and 404(b).

■ The State responds by arguing that a Rule 404(b) objection would not have been proper because the extraneous-act evidence was admissible pursuant to article 38.37 of the Code of Criminal Procedure. That article provides, in relevant part, as follows:

> Notwithstanding Rules 404 and 405, Texas Rules of Evidence, evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense shall be admitted for its bearing on relevant matters, including:
>
> (1) the state of mind of the defendant and the child; and
>
> (2) the previous and subsequent relationship between the defendant and the child.

*See* Tex.Code Crim. Proc. Ann. art. 38.37, § 2 (Vernon Supp.2010). In cases in which it applies, article 38.37 supersedes Rule of Evidence 404. *See Martines v. State,* 371 S.W.3d 232, 246 (Tex.App.-Houston [1st Dist.] 2011, no pet.) (citing, *inter alia, Sanders v. State,* 255 S.W.3d 754, 758 (Tex.App.-Fort Worth 2008, pet. ref'd)).

■ Here, evidence of the extraneous acts committed in Galveston County falls within the type of evidence allowed under article 38.37. The record reflects that the extraneous acts were admissible under article 38.37 to show the relationship between appellant and J.B. and to show their respective states of mind. *See id.* More specifically, the evidence was relevant to explain why J.B. did not make a prompt

outcry immediately after the May 2009 assaults in Brazoria County for which appellant was convicted. *See McCulloch v. State,* 39 S.W.3d 678, 681 (Tex.App.-Beaumont 2001, pet. ref'd); *Walker v. State,* 4 S.W.3d 98, 103 (Tex.App.-Waco 1999, pet. ref'd). Such evidence was also relevant to show how a person in a position of authority, custody, or care of a young child developed an unnatural attitude and relationship toward that child. *See Poole v. State,* 974 S.W.2d 892, 898 (Tex.App.-Austin 1998, pet. ref'd). Moreover, nothing in article 38.37 required the State to prove that the extraneous acts occurred in Brazoria County, as appellant contends on appeal. *See* TEX.CODE CRIM. PROC. ANN. art. 38.37, § 2.

Thus, because article 38.37 applies to evidence of the Galveston extraneous acts, a Rule 404(b) objection by defense counsel would have been properly overruled. Trial counsel is not ineffective for failing to make futile objections. *See Ex parte White,* 160 S.W.3d 46, 53 (Tex.Crim.App. 2004); *Vaughn v. State,* 931 S.W.2d 564, 566 (Tex.Crim.App.1996); *see also Edmond v. State,* 116 S.W.3d 110, 115 (Tex. App.-Houston [14th Dist.] 2002, pet. ref'd) (stating trial counsel is not ineffective for failing to make a frivolous objection).

### 2. Lack of Rule 403 Objection

█ Appellant also asserts that his trial counsel should have objected to the extraneous-act evidence based on Rule of Evidence 403. Indeed, even if the evidence was admissible under article 38.37, the trial court had "a nondiscretionary obligation to weigh the probative value of the evidence against the unfair prejudice of its admission" when a defendant objects to the admission of extraneous offense evidence based on Rule of Evidence 403. *See Martines,* 371 S.W.3d at 246; *Sanders,* 255 S.W.3d at 760.

To show ineffective assistance of counsel for failing to object, an appellant must show that the trial court would have committed error in overruling the objection. *Ex parte White,* 160 S.W.3d 46, 53 (Tex. Crim.App.2004). Appellant has not shown that the trial court would have erred had it overruled a Rule 403 objection.

█ The relevant factors in determining. whether the prejudice of an extraneous offense substantially outweighs its probative value include: (1) how compellingly the extraneous-offense evidence serves to make a fact of consequence more or less probable—a factor that is related to the strength of the evidence presented by the proponent to show the defendant in fact committed the extraneous offense; (2) the potential the other offense evidence has to impress the jury "in some irrational but nevertheless indelible way"; (3) the time the proponent will need to develop the evidence, during which the jury will be distracted from consideration of the indicted offense; and (4) the force of the proponent's need for this evidence to prove a fact of consequence, i.e., whether the proponent has other probative evidence available to him to help establish this fact, and whether this fact is related to an issue in dispute. *Mozon v. State,* 991 S.W.2d 841, 846–47 (Tex.Crim.App.1999).

█ Whether evidence is admissible under Rule 403 is within the sound discretion of the trial court. *Montgomery v. State,* 810 S.W.2d 372, 386, 389 (Tex.Crim. App.1990). In reviewing the trial court's balancing test determination under Rule 403, we presume that the probative value of the evidence outweighs any prejudicial effect. *Id.* at 391.

Here, the first factor of the balancing test weighs in favor of admitting the extraneous-act evidence because it was probative of the relationship between appellant and J.B., increased the probability that

appellant would have felt sufficiently confident to assault J.B. in May 2009, and helped explain why there was a delay in J.B.'s outcry. The second and third factors also weigh in favor of admission of the evidence. J.B.'s testimony about the extraneous acts in Galveston County was no more detailed than his testimony regarding the May 2009 assault in Brazoria County. In fact, J.B. described how appellant had, in the Brazoria County assault, put his hands around J.B.'s throat during the assault. J.B. testified that this caused him pain. As a result, J.B.'s testimony regarding the Brazoria County assault likely overshadowed any inflammatory response the jury may have had to testimony about the extraneous acts in Galveston County. The fourth factor also weighs in favor of admission of the evidence because the State had no other evidence that could similarly illustrate the relationship between appellant and J.B., and the states of mind of appellant and J.B.

In sum, the trial court would not have committed error in overruling a Rule 403 objection to the extraneous-act evidence. Appellant has not shown that he received ineffective assistance of counsel because his attorney did not make a Rule 403 objection to this evidence. *See White*, 160 S.W.3d at 53.

We hold that appellant has not met his burden to demonstrate ineffective assistance of counsel by a preponderance of the evidence because he has not shown that his trial counsel's performance fell below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 687–88, 694, 104 S.Ct. at 2064, 2068; *Andrews*, 159 S.W.3d at 101–02. Accordingly, we overrule appellant's first issue in each appeal.

### Admission of Expert Testimony

In his second issue, appellant contends that the trial court erred when it admitted, over his objection, certain expert testimony of Kari Prihoda, a forensic interviewer who examined and interviewed J.B. Appellant contends that her testimony constituted improper opinion testimony regarding the truthfulness of J.B.

### A. Legal Principles

We review a trial court's ruling on the admissibility of expert testimony for an abuse of discretion. *See Weatherred v. State*, 15 S.W.3d 540, 542 (Tex.Crim.App. 2000); *see also Page v. State*, 213 S.W.3d 332, 337 (Tex.Crim.App.2006) (stating an appellate court reviews a trial court's ruling under Rules of Evidence for abuse of discretion). A trial court abuses its discretion in an admissibility ruling when its ruling is arbitrary or unreasonable. *State v. Mechler*, 153 S.W.3d 435, 439 (Tex.Crim. App.2005). A trial court does not abuse its discretion if its decision is within "the zone of reasonable disagreement." *Bigon v. State*, 252 S.W.3d 360, 367 (Tex.Crim.App. 2008).

A witness's testimony is admissible as expert testimony only if it "will assist the trier of fact to understand the evidence or to determine a fact in issue . . . ." TEX.R. EVID. 702. Nonetheless, a witness's opinion testimony regarding the truthfulness of a child does not assist the jury in determining whether the child's allegations are true; rather, such testimony impermissibly *"decides* [the] issue *for* the jury." *Yount v. State*, 872 S.W.2d 706, 709 (Tex.Crim.App.1993) (emphasis in original).

"Expert testimony does not assist the jury if it constitutes a 'direct opinion on the truthfulness' of a child complainant's allegations." *Schutz v. State*, 957 S.W.2d 52, 59 (Tex.Crim.App.1997) (quoting *Yount*, 872 S.W.2d at 708). An expert witness's bare opinion testimony

that she believes, or believed, a child complainant's testimony to be true is excludable. *See Yount,* 872 S.W.2d at 708; *see also* TEX.R. EVID. 702. However, "[t]estimony by an expert witness ... that provides useful background information to aid the jury in evaluating the testimony of another witness is admissible." *Bryant v. State,* 340 S.W.3d 1, 11 (Tex.App.Houston [1st Dist.] 2010, pet. ref'd). "Opinion testimony that is otherwise admissible is not objectionable solely because it embraces an ultimate issue to be decided by the trier of fact." *Id.*

**B. Analysis**

 On appeal, appellant complains that the State asked Prihoda a number of questions regarding her observations of J.B.'s demeanor during the forensic interview. Appellant contends that the questions elicited improper opinion testimony regarding J.B.'s truthfulness. Appellant fails to mention, however, that the trial court sustained his objections to these questions and instructed the jury to disregard the questions. In the absence of evidence to the contrary, we presume that the jury followed the trial court's instruction to disregard the questions.[2] *See Gardner v. State,* 730 S.W.2d 675, 696 (Tex.Crim.App.1987); *see Ransom v. State,* 789 S.W.2d 572, 585 (Tex.Crim.App. 1989) ("Generally, any error in asking an improper question is cured or rendered harmless by an instruction to disregard.").

The State also asked Prihoda under what circumstances she would refer a case to law enforcement authorities. In this regard, the following exchange occurred:

Q: What are your determining factors between an interview that goes nowhere and one that you report [to authorities]?

[Defense counsel]: Objection, Your Honor. That's making an opinion as to truthfulness.

THE COURT: I'll allow it. Overruled.

A: If a child has made a comment or a statement that something criminal has happened, then the case will be referred to law enforcement.

Q: And did that happen in this case?

[Defense counsel]: Objection. Calls for hearsay response, Your Honor.

THE COURT: I'll allow it. Overruled.

A: Yes.

On appeal, appellant contends that the testimony constituted an improper opinion regarding the J.B.'s truthfulness and veracity. However, Prihoda's testimony does not indicate that she contacted law enforcement authorities because she believed J.B. was telling the truth. Rather, her testimony indicates that it was the practice to report cases to law enforcement when the child alleged sexual abuse, irrespective of her opinion of the child's veracity. Testimony informing the jury how a case was referred for criminal investigation is not equivalent to opinion testimony stating that the child complainant was telling the truth. *See Bryant,* 340 S.W.3d at 12 (stating that "testimony about the factual background of a criminal investigation was materially different from offering an opinion at trial that a child witness is telling the truth").

We hold that the trial court did not abuse its discretion when it overruled appellant's objections and admitted Prihoda's testimony regarding her referral of appellant's case to law enforcement authorities. Accordingly, we overrule appellant's second issue.

---

**2.** With respect to each question, appellant also moved for a mistrial. The trial court denied each motion. Appellant does not complain on appeal that the trial court erred when it denied his motions for mistrial.

### Cross–Examination of Character Witness

In his third issue, appellant contends that the trial court erred, during the punishment phase, when it permitted the State to ask his mother whether she had heard that appellant had also been accused of sexually abusing an 11–year–old girl.

### A. Pertinent Procedural Background

On direct examination, appellant's mother testified that appellant was a "good boy." She also stated, "I know my son's heart, and I know he didn't do this." Before it began its cross-examination, the State asked the trial court if it could approach the bench. The record then indicates that the following discussion was held at the bench:

> [Prosecutor]: I think that she's opened the door. We had sent them State's notice—at the top—intent to introduce extraneous offenses in December, 2009. He was also accused of indecency with a child by causing his fingers to invasively contact the vaginal area of a child younger than 14 years of age and not the Defendant's spouse.
>
> She's saying he's a good boy. He would never do that. This goes to his same modus operandi and I think I have the right to ask her whether or not—do you know or have you heard that he was charged.
>
> [Defense counsel]: Judge, I don't think—I think they have to make an establishment before you—that they can prove that beyond a reasonable doubt before they get to put it before the jury. I would object to that.
>
> [Prosecutor]: I think he opened that door. I don't have to make an establishment.... So I think she's opened the door and I have a right to ask her does she know his reputation. She can say yes or no. She's the one that said he's a

good boy. He would never do nothing [sic] like that. She knows her son. I think I've got a right to ask her about this charge.

> [Defense counsel]: I think he's got to show it beyond a reasonable doubt before he can do that.
>
> [Prosecutor]: No, I don't.
>
> THE COURT: I don't think he has to.
>
> [Defense counsel]: Okay.
>
> THE COURT: Overruled.

At that point, the record indicates that the discussion at the bench ended. On cross-examination, the State asked appellant's mother whether she had heard that appellant had been accused of sexually abusing an 11–year–old girl. She indicated that she had heard about the allegations.

### B. Applicable Legal Principles

At the punishment phase of a trial, the State and the defendant can offer evidence regarding "any matter the trial court deems relevant to sentencing." *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (Vernon Supp.2010). Admissible evidence includes, but is not limited to the following:

> [T]he prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

*Id.*

The Court of Criminal Appeals has addressed "did you know" and "have you

heard" questions asked of character witnesses. *See Wilson v. State*, 71 S.W.3d 346, 349–51 (Tex.Crim.App.2002). The court reiterated that a witness who testifies to a defendant's good character may be cross examined to test the witness's awareness of relevant "specific instances of conduct." *Id.* at 350 (citing Tex.R. Evid. 405).[3]

The right of a party to cross-examine a character witness on specific instances of conduct is subject to certain limitations. *Id.* First, the incidents inquired about must be relevant to the character traits at issue. *Id.* at 351. Second, the alleged bad act must have a basis in fact. *Id.* Before the questions are asked, the foundation for inquiring into the specific instances of conduct should be laid outside the jury's presence so that the judge will have an opportunity to rule on the propriety of asking them. *Id.* Specific instances should not, however, be proven before the jury. *See id.*

## C. Analysis

When appellant's mother testified that (1) appellant was a "good boy" and (2) "I know my son's heart, and I know he didn't do this," she was undoubtedly testifying to appellant's good character. Therefore, it was permissible for the State to cross-examine her concerning her awareness of relevant specific instances of appellant's conduct. *See* Tex.R. Evid. 405(a); *Wilson*, 71 S.W.3d at 350.

First, the alleged bad act that appellant's mother was questioned about—an allegation of sexual abuse of another child—was relevant to the character trait at issue. *See Wilson*, 71 S.W.3d at 351. Second, the record shows that the alleged bad act had a basis in fact. *See id.* During the bench discussion, the prosecutor pointed out to the trial court that the State's notice of extraneous offenses, which had been sent to appellant, identified the alleged bad act.[4] *See id.* Third,

---

3. Texas Rule of Evidence 405 provides as follows:

 In all cases in which evidence of a person's character or character trait is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. In a criminal case, to be qualified to testify at the guilt stage of trial concerning the character or character trait of an accused, a witness must have been familiar with the reputation, or with the underlying facts or information upon which the opinion is based, prior to the day of the offense. In all cases where testimony is admitted under this rule, on cross-examination inquiry is allowable into relevant specific instances of conduct.

 Tex.R. Evid. 405.

4. In the trial court, appellant asserted that the State had to prove the alleged act beyond a reasonable doubt before the State could cross-examine appellant's mother regarding her knowledge of the act. Appellant does not raise this complaint on appeal. In any event, such complaint has no merit. With respect to proving the alleged bad act beyond a reason-able doubt, Rule 405 differs from the rule for admitting extraneous offenses in the punishment phase of trial. Article 37.07 of the Code of Criminal Procedure disallows evidence of an extraneous crime or bad act unless it is shown beyond a reasonable doubt to have occurred. Tex.Code Crim. Proc. Ann. art. 37.07 (Vernon Supp.2010). In contrast, cross examination of the type involved here does not require the State to prove that the extraneous bad act actually occurred. *See* Tex.R. Evid. 405. To the contrary, the Court of Criminal Appeals in *Wilson* made clear that it would be improper for the State to introduce evidence to prove that the extraneous act actually occurred. 71 S.W.3d 346, 350–51 (Tex.Crim. App.2002). The purpose of Rule 405 cross examination is to test the character witness, not to introduce extraneous acts. *Id.* Here, questioning appellant's mother about the alleged abuse of the 11–year–old girl was permissible to test her knowledge of the facts and circumstances of appellant's life. Thus, the questions were not impermissible on the ground that the State did not prove the alleged bad act beyond a reasonable doubt. *See id.*

whether such cross-examination was permissible was discussed at the bench—presumably outside the jury's hearing—and the trial court determined the cross-examination to be proper.[5] *See id.*

We conclude that the trial court's ruling permitting the State to question appellant's mother regarding her knowledge of the alleged extraneous bad act was within its discretion. We hold that appellant's challenge to the admissibility of the testimony is without merit. Accordingly, we overrule appellant's third issue in each appeal.

### Conclusion

We affirm the judgment of the trial court in each appeal.

---

5. On appeal, appellant complains that the record does not reflect that the trial court heard the challenge to the cross-examination outside the presence of the jury as required in *Wilson.* We disagree. The record indicates that the issue was determined at the bench. The record expressly demarcates when the discussion at the bench began and when it ended. There is no indication that the discussion was within earshot of the jury. Moreover, as discussed, appellant complained in the trial court that the State was required to prove the alleged bad act beyond a reasonable doubt. He made no complaint that the discussion at the bench was not outside the presence of the jury. It is axiomatic that a complaint on appeal must comport with the complaint in the trial court. *See* TEX R.APP. P. 33.1(a); *Coffey v. State,* 796 S.W.2d 175, 179 (Tex.Crim.App.1990) (stating that trial court objection must comport with complaint raised on appeal).