

# NUMBER 13-12-00035-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**IRA GOODWIN,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

### On appeal from the 117th District Court
### of Nueces County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion by Justice Rodriguez

Appellant Ira Goodwin challenges his conviction for aggravated sexual assault of a child. *See* TEX. PENAL CODE ANN. §22.021 (West 2011). A jury found Goodwin guilty of aggravated sexual assault of a child, and the trial court sentenced Goodwin, as a habitual felony offender, to the minimum twenty-five years in prison. *See id.* § 12.42(d) (West Supp. 2011). By two issues, Goodwin complains that the trial court erred when it

admitted extraneous offense evidence of his uncharged sexual conduct and of his gang affiliation. By a third issue, Goodwin contends that if we conclude that he did not preserve his first two issues, he received ineffective assistance of counsel. We affirm.

## I. ADMISSION OF EVIDENCE[1]

### A. Extraneous Offense Evidence

By his first issue, Goodwin claims that the trial court abused its discretion when it admitted extraneous offense evidence of his uncharged sexual conduct, conduct that was not alleged in the indictment. He asserts that such evidence was irrelevant and prejudicial. *See* TEX. R. EVID. 401, 403, 404(b).

A relevancy objection alone does not preserve a claim under rule 404 that the evidence of character or other crimes, wrongs, or acts cannot be admitted to prove character and that evidence is not admissible for any other purpose. *See Medina v. State*, 7 S.W.3d 633, 643 (Tex. Crim. App. 1999) ("[A relevancy] objection does not preserve error concerning a Rule 404 extraneous offense claim."); *Camacho v.* State, 864 S.W.2d 524, 533 (Tex. Crim. App. 1993) (en banc); *Russo v. State*, 228 S.W.3d 779, 798 (Tex. App.—Austin 2007, pet. ref'd); *see also* TEX. R. EVID. 401, 404. The defendant must separately object that the evidence is more prejudicial than probative, raising a rule 403 objection at trial in order to raise such a complaint on appeal. *Bell v. State*, 938 S.W.2d 35, 49 (Tex. Crim. App. 1996) (en banc); *see Montgomery v. State*, 810 S.W.2d 372, 388 (Tex. Crim. App. 1990) (op. on reh'g) (en banc) (holding that an objection based on rule 403 is required before the trial court will balance probativeness and prejudice);

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

*Long v. State*, 823 S.W.2d 259, 271 (Tex. Crim. App. 1991) (en banc) (expressing that when admitting evidence, the trial court does not sua sponte engage in balancing the probative value against the prejudice but does so only upon sufficient objection invoking rule 403); *see also* Tex. R. Evid. 403. In addition, "'[a]n error [if any] in the admission of evidence is cured where the same evidence comes in elsewhere without objection.'" *Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004) (citation omitted); *see Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003) ("In addition, a party must object each time the inadmissible evidence is offered or obtain a running objection.").

In the present case, forensic interviewer Ricardo Jimenez testified that the complainant made an outcry to him concerning her drug use with Goodwin and that Goodwin had performed oral sex on her and had forced her to perform oral sex on him. Goodwin's attorney objected on the basis of relevancy, and the trial court overruled that objection. We also note that Detective Crispin Mendez of the Corpus Christi Police Department testified that Marcia Woolford, Goodwin's wife, said that "[Goodwin] had twisted the girl's arm and made her give him [oral sex]." Goodwin did not object to this testimony. Further, the complainant testified, over a relevancy objection, that Goodwin made her perform oral sex, and later on re-direct examination, without objection, said that "sperm" came out when she put her mouth on his penis.

Based on our review of the record, the relevancy objections did not preserve Goodwin's present complaints on appeal. *See Medina*, 7 S.W.3d at 643-44; *Bell*, 938 S.W.2d at 49; *see also* Tex. R. Evid. 401, 404. Furthermore, even were we to conclude that the trial court did err in the admission of the evidence to which objections were made, because the same evidence came in through other testimony without objection, the error

was cured. *See Lane*, 151 S.W.3d at 193; *Valle*, 109 S.W.3d at 509. We overrule Goodwin's first issue.

**B.     Gang Affiliation Evidence**

By his second issue, Goodwin contends that the trial court abused its discretion when it admitted evidence of his gang affiliation. Goodwin claims that this evidence constituted "inadmissible wrongs, bad acts covered by" rules 401 and 404(b). *See* TEX. R. EVID. 401, 404(b).

Detective Mendez first offered the following testimony regarding Goodwin, also known as "Butch," and his Bandito motorcycle club affiliation:

> I contacted a buddy of mine who I knew had a – had more experience with that club, or with certain motorcycle clubs than I did. We worked in the gang unit together and also at the sheriff's department, so he and I dealt with these people. So I called him and asked him, "There's a guy by the name of Butch in a motorcycle club, who is he?" He goes, "Oh, that's Ira Goodwin. He's a Bandito."

Goodwin did not object to this testimony. Later, during the State's cross-examination of Goodwin, when asked, "Is it true you're a member of the Banditos Motorcycle Gang?", Goodwin's counsel objected "as to the relevance of that at this point." The State responded, "It's certainly relevant if he's saying that Marcia Woolford[, who testified against him,] has some sort of motive to lie and it implicates him, she puts herself in great danger." The trial court overruled the objection.

In the present case, Goodwin's membership in a motorcycle "club" showed how the police discovered that Butch Goodwin was Ira Goodwin. Moreover, assuming without deciding that Goodwin's gang-affiliation testimony was inadmissible, we conclude that error, if any, was cured because the same or similar evidence came in elsewhere

4

without objection.  *See Lane*, 151 S.W.3d at 193; *Valle*, 109 S.W.3d at 509.  We overrule Goodwin's second issue.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

By his third issue, Goodwin complains that his trial counsel's assistance was ineffective because he took inadequate steps to preserve objections to the admission of certain evidence, which resulted in reversible prejudice.  Goodwin argues that by not objecting, evidence of his gang affiliation and his,

> alleged extraneous offenses in . . . using force to engage in unlawful sexual conduct that was not included in the indictment [were] presented to the jury.[2]  Such extraneous evidence of sexual and moral impropriety would have been inadmissible and highly prejudicial due to its aggravated nature. As a result of the prejudicial nature of the evidence in question, there is a reasonable probability that the jury's verdict would have been different.

### A.    The Law

To establish ineffective assistance of counsel, Goodwin must show that:  (1) his attorney's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for his attorney's errors, the result of the proceeding would have been different.  *Strickland v. Washington*, 466 U.S. 668, 684, (1984); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Jaynes v. State*, 216 S.W.3d 839, 851 (Tex. App.—Corpus Christi 2006, no pet).  The appellant has the burden to prove ineffective assistance of counsel by a preponderance of the evidence. *Ex Parte Niswanger*, 335 S.W.3d 611, 615 (Tex. Crim. App. 2011); *Thompson v. State,* 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).  We review the effectiveness of counsel in light

---

[2] Goodwin also asserts that by not objecting to evidence of the alleged extraneous offense of providing the complainant with drugs, counsel provided ineffective assistance.  However, because he does not develop his argument for this contention, it is inadequately briefed, and we will not address it.  *See* TEX. R. APP. P. 38.1(i) (requiring an appellant's brief to contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record).

5

of the totality of the representation and the circumstances of each case. *Thompson*, 9 S.W.3d at 813.

Usually, the trial record will not be sufficient to establish an ineffective assistance of counsel claim. *Id.* at 813-14. This is true because, normally, a record is silent with regard to counsel's decision-making processes, and therefore, appellant often cannot rebut the presumption that counsel's performance was the result of sound or reasonable trial strategy. *Strickland*, 466 U.S. at 688; *Niswanger*, 335 S.W.3d at 615; *Busby v. State*, 990 S.W.2d 263, 269 (Tex. Crim. App. 1999); *see Jaynes*, 216 S.W.3d at 855. In the case of such a silent record, "the challenged conduct must be 'so outrageous that no competent attorney would have engaged in it.'" *Roberts v. State*, 220 S.W.3d 521, 533 (Tex. Crim. App. 2007) (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)). Finally, specific to this case, to show ineffective assistance of counsel for failing to object, an appellant must show that the trial court would have committed error in overruling the objection. *Ex parte White,* 160 S.W.3d 46, 53 (Tex. Crim. App. 2004); *Burke v. State,* No. 01-11-00190-CR, 01-11-00191-CR, 2011 Tex. App. LEXIS 8368, at *7 (Tex. App.—Houston [1st Dist.], Oct. 20, 2011, no pet. h.) (designated for publication).

**B. Discussion**

In this case, the trial record is undeveloped as to the alleged failure of Goodwin's trial counsel to object to the complained-of testimony. *See Thompson*, 9 S.W.3d at 813-14. It does not contain sufficient information to permit us to fairly evaluate the merits of Goodwin's ineffective assistance allegations on appeal. *See id.* And, we cannot conclude from the record before us that trial counsel's actions were so outrageous that no competent attorney would have engaged in them. *See Roberts*, 220 S.W.3d at 533.

6

For example, with regard to the extraneous offense testimony, Goodwin's counsel used this evidence to show inconsistencies in the complainant's account and Woolford's account of the facts in this case. Because the trial court could also have considered, among other things, that the extraneous acts were admissible under code of criminal procedure article 38.37 to show the relationship between Goodwin and the complainant or to show their respective states of mind, Goodwin's counsel may have determined that objecting and drawing attention to testimony regarding those acts would not benefit his client. *See* TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2 (West Supp. 2011). Goodwin's counsel likewise attempted to use the evidence of Goodwin's past membership in the Banditos motorcycle club to show that the police assumed he was guilty because of his gang involvement and slanted the investigation against him.

Without evidence in the record of trial counsel's decision-making process and strategy, we cannot conclude that Goodwin has overcome the strong presumption that his trial counsel provided professional, objectively reasonable assistance. *See Strickland*, 466 U.S. at 689; *Jaynes*, 216 S.W.3d at 851. Because Goodwin did not establish by a preponderance of the evidence that his trial counsel's performance fell below an objectively reasonable standard, he has not met the first prong of Strickland. *See Jaynes*, 216 S.W.3d at 855. Moreover, Goodwin offers no explanation of how the outcome of the proceeding would have been different had trial counsel not been deficient as alleged, and thus, Goodwin has not met his burden to show prejudice. *See Strickland*, 466 U.S. at 687-96; *Salinas*, 163 S.W.3d at 740; *Thompson*, 9 S.W.3d at 812-13; *Burke*, 2011 Tex. App. LEXIS 8368, at *7. We overrule Goodwin's third issue.

### III. Conclusion

We affirm the judgment of the trial court.

NELDA RODRIGUEZ
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
20th day of August, 2012.

8