

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-11-0475-CR

_____

Joseph G. Nunez, Appellant

v.

The State of Texas, Appellee

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2011-431,064, Honorable Jim Bob Darnell, Presiding

May 1, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Joseph G. Nunez pled guilty to aggravated robbery. After a punishment hearing, the jury assessed his punishment at ninety-nine years confinement in the Texas Department of Criminal Justice and a fine of $10,000. Appellant challenges the conviction by claiming 1) the trial court erred in admitting evidence of various bad acts committed while appellant was in prison, 2) the trial court erred by

admitting evidence of his alleged participation in several aggravated robberies without first determining if there was sufficient evidence to find him guilty of those offenses, 3) the trial court violated his right to confrontation and cross-examination by the testimony of a medical examiner who had not conducted the autopsy, 4) the trial court should have given a contemporaneous limiting instruction regarding appellant's gang membership and included such an instruction in the jury charge, 5) the trial court violated his right to confrontation by permitting the State's witness to read from a report of which he lacked personal knowledge, 6) an accomplice witness instruction should have been included in the jury charge, 7) the cumulative effect of these errors violated his due process rights, and 8) the trial court erred in failing to address whether his statement to police officers in another criminal matter was voluntary. We affirm the judgment.

*Issue 1 – Evidence of Extraneous Offenses*

Appellant initially objects to the trial court's refusal to exclude evidence of the bad acts (gang involvement and possessing contraband) he committed in prison before his conviction was reversed. Although appellant concedes that such evidence is "relevant for sentencing purposes in a proper case," he believed that it was unfairly prejudicial here since it would cause the jury to speculate about why he was in prison. We overrule the issue.

Appellant correctly suggests that evidence of his bad acts or extraneous offenses may be offered during the punishment phase of the trial regardless of whether he has been charged or finally convicted of the crime or act. TEX. CODE CRIM. PROC. ANN. art. 37.07 § 3(a)(1) (West Supp. 2012). However, it may be excluded if its probative value

2

is substantially outweighed by the danger of unfair prejudice. TEX. R. EVID. 403. And whether exclusion should occur is a matter left in the trial court's discretion. *Shuffield v. State,* 189 S.W.3d 782, 793 (Tex. Crim. App. 2006).

That the evidence in question was relevant is clear. That it occurred while he was in an environment where the need for discipline and conformity is paramount could also enhance its relevance. In other words, someone's willingness to engage in misconduct, become a gang member, and possess contraband while in prison says much about his mindset, his penchant (or lack thereof) towards rehabilitation, his threat to society, and the like. That it occurred in a prison setting may well have led jurors to wonder why he was in prison, but again, that he engaged in bad acts while in prison reveals aspects of his character. Moreover, appellant fails to suggest that the State focused much attention upon or spent much time discussing the acts' setting. Nor can we say that the trial judge was obligated to exclude the pertinent information simply because of the location at which it occurred. Given this, the decision to overrule appellant's Texas Rule of Evidence 403 objection and admit the evidence fell within the zone of reasonable disagreement; that is, it did not constitute an instance of abused discretion.

*Issue 2 – Participation in Other Aggravated Robberies*

Appellant next contends that the trial court erred in allowing the State to pose "have you heard" or "did you know" questions to a witness who testified about appellant's character. Allegedly, it was obligated to first determine whether there existed evidence to prove beyond reasonable doubt that the misconduct encompassed within the questions actually occurred. We overrule the issue.

First, the objection uttered below consisted of appellant's counsel stating: "[w]ell, they obviously didn't indict those aggravated robberies for a reason, Judge." This objection is too vague to reasonably inform the trial court that it has to first determine whether evidence existed illustrating, beyond reasonable doubt, that the crimes happened. Having failed to so inform the trial court of the ground now asserted, the latter was not preserved. *Clark v. State,* 365 S.W.3d 333, 339 (Tex. Crim. App. 2012) (stating that a party must let the trial court know what he wants, why he believes he is entitled to it, and do so clearly enough for the judge to understand).

Second, the State was not attempting to admit evidence of extraneous offenses under article 37.07 of the Code of Criminal Procedure. Instead, it sought to impeach the credibility of a character witness' opinion about appellant in accordance with Texas Rule of Evidence 405. In such situations, there is no requirement that the State tender proof that the offenses were committed before the questions can be asked. *See Burke v. State,* 371 S.W.3d 252, 261 n.4 (Tex. App.–Houston [1st Dist.] 2011, pet. ref'd, untimely filed).

*Issue 3 – Confrontation Clause Challenge to Autopsy Report*

Appellant next contends that his right to confront witnesses was denied him when the medical examiner opined about the cause of death after viewing an autopsy report written by a third party who conducted the autopsy. We overrule the issue.

The contents of the report went unmentioned. Nor was the report admitted into evidence. Under these circumstances, the examiner's opinion about the cause of death after reading the report did not deny appellant his confrontation rights. *Martinez v. State*, 311 S.W.3d 104, 112 (Tex. App.–Amarillo 2010, pet. ref'd).

To the extent that appellant may also suggest that viewing the pictures taken at the autopsy violated the same right, that objection was not uttered below. His attack was simply upon the report itself, not the pictures taken incident to the report. Thus, the complaint was not preserved for review. TEX. R. APP. P. 33.1(a) (requiring preservation of the complaint as a condition precedent to review).

*Issues 4 & 7- Limiting Instruction*

Appellant next complains of the failure of the trial court to give both a contemporaneous limiting instruction and a limiting instruction in the jury charge with respect to the jury's consideration of his gang membership for purposes of character only. We overrule the issues.

Evidence of extraneous offenses admitted during the punishment phase may be considered in whatever manner the jury chooses. *Cate v. State,* 124 S.W.3d 922, 928 (Tex. App.–Amarillo 2004, pet. ref'd); *see also Delgado v. State,* 235 S.W.3d 244, 251 (Tex. Crim. App. 2007) (discussing the use of a limiting instruction for extraneous offenses during the guilt/innocence phase as opposed to a reasonable doubt instruction on extraneous offenses during the punishment phase). The same is true regarding evidence of bad acts. *Fields v. State,* 1 S.W.3d 687, 688 (Tex. Crim. App. 1999) (stating: "Prior crimes or bad acts are introduced to provide additional information which the jury may use to determine what sentence the defendant should receive. The statute requires that such evidence may not be considered in assessing punishment until the fact-finder is satisfied beyond a reasonable doubt that these prior acts are attributable to the defendant. Once this requirement is met, the fact-finder may use the evidence however it chooses *in assessing punishment*") (emphasis in original). Furthermore,

5

evidence of gang membership is deemed evidence of bad acts.  *See Sierra v. State*, 266 S.W.3d 72, 79 (Tex. App.–Houston [1st Dist.] 2008, pet. ref'd) (stating "[e]vidence of membership in a gang such as Texas Syndicate would come under the type of 'bad acts' relevant to sentencing, and Article 37.07 explicitly allows the introduction of such evidence").  So, logically, if the jurors were free to consider the evidence of bad acts, *i.e.,* gang membership, in any manner it wished while deliberating punishment, then the trial court did not err in refusing to limit the manner in which they considered it.

*Issue 5 – Confrontation Clause Challenge to Gang Evidence*

Appellant next complains of the trial court's decision to allow a witness to mention the contents of an affidavit of a third party.  The contents in question involved appellant's validation (via his own admission and pictures of his tattoos) as a member of the West Texas Tango clique or gang.  So testifying purportedly violated appellant's right to confront his accusers.  We overrule the issue.

First, the mere notation that an inmate has been verified as a member of a particular gang has been held not to be testimonial; this is so because the information does not involve an accusation of anything for which he can be prosecuted but is merely a record that the person claims gang membership.  *Cantu v. State*, 339 S.W.3d 688, 691 (Tex. App.–Fort Worth 2011, no pet.).  Second, the contents of the document were also redundant of the witness' own testimony identifying appellant as a gang member from the tattoos he wore.  Because that testimony met with no objection, any purported error regarding use of the report was cured or rendered meaningless.  *Ethington v. State,* 819 S.W.2d 854, 858 (Tex. Crim. App. 1991).

*Issue 6 – Accomplice Witness Instruction*

Appellant contends that the trial court erred in failing to submit an accomplice witness instruction viz extraneous offenses testified to by Chris Crittenden. We overrule the issue.

To the extent that Crittenden may have also been involved in the commission of those extraneous offenses, it must be remembered that the testimony was proffered during the punishment phase of the trial. As such, it was not being used to convict appellant of either the current offense or of the extraneous offenses. Under those circumstances, the accomplice witness rule does not apply. *Bible v. State,* 162 S.W.3d 234, 246-47 (Tex. Crim. App. 2005) (involving the corroboration of an extraneous offense during the punishment phase of a capital murder trial).

*Issue 8 – Cumulative Error*

Appellant also argues that all of the above alleged errors cumulatively resulted in a violation of his due process rights. Having found no error, we overrule the issue.

*Issue* 9 *– Motion to Suppress*

In his last issue, appellant contends that the trial court should have held a hearing to determine whether his statements were involuntary or coerced. However, the purported involuntary nature of the statements was not a topic mentioned in his motion to suppress. Thus, the contention was not preserved for review. Nor can we fault the trial court for foregoing a hearing on matters never brought to its attention. TEX. R. APP. P. 33.1 (to preserve a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion

that states the grounds for the ruling with sufficient specificity to make the trial court aware of the complaint).  The issue is overruled.

Accordingly, the judgment is affirmed.


Per Curiam

Do not publish.