**Affirm and Opinion Filed December 3, 2013**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

### No. 05-11-01487-CR

**TIMOTHY ADAM FOLEY, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause No. F11-00194-Y**

## MEMORANDUM OPINION
Before Justices Bridges, FitzGerald, and Myers
Opinion by Justice Bridges

Timothy Adam Foley appeals his aggravated sexual assault conviction. A jury convicted appellant and sentenced him to twenty-five years' confinement. In his sole issue, appellant argues the trial court erred in admitting evidence of extraneous acts of child sexual abuse. We affirm the trial court's judgment.

The victim in this case, K.B., testified that she was six or seven years old when she lived at an apartment in Dallas with her brother, her stepmother, and her father. Appellant and his boyfriend, "Nunu," moved in with K.B. and her family. A few weeks after moving in, appellant woke K.B. up in the middle of the night, asked if she wanted to watch a movie, and took her down to the living room. Appellant put on a movie and sat on the couch with K.B. Appellant put his hands in K.B.'s underwear and touched her "on the front part" which K.B. used "to pee." K.B. testified her stepmother calls that part of her body the vagina, and appellant was touching

"the inside" which felt "weird, awkward, uncomfortable." Appellant stopped touching K.B. when Nunu, who was sleeping in the kitchen, woke up and called out for appellant. Appellant went into the kitchen, came back, and told K.B. to go back to bed. While living at the apartment in Dallas, appellant repeated the touching "many times."

K.B. "had the opportunity to stay with [her] godmother" for "maybe a semester or two of school," but she moved back in with her step mother, father, brother, a family friend named Suzanne Mudd, and appellant in an apartment in Grand Prairie. At the apartment in Grand Prairie, appellant "touched [K.B.] the same way he did, but he would come up to [her] bedroom instead." Appellant touched K.B. approximately fifty times over four years.

Appellant and Suzanne married and moved to a house in Fort Worth. When K.B. was "nine or ten years old," appellant picked up K.B. "three or four" times and took her to his house in Fort Worth. Over defense counsel's objection "to anything that happened in Fort Worth," K.B. testified that when appellant took her to Fort Worth he "did the normal" but "instead he would pull down my pants and underwear and he did anal." In response to questioning, K.B. testified that by "anal" she meant appellant "would stick [his penis] in [her] butt." K.B. testified it felt "painful." A jury convicted appellant of aggravated sexual assault, and this appeal followed.

In his sole issue on appeal, appellant contends the trial court erred in admitting evidence of extraneous acts of child sexual abuse committed by appellant against K.B. Specifically, appellant contests the portion of K.B.'s testimony describing the extraneous acts of child sexual abuse that occurred in Fort Worth.

We review a trial court's evidentiary ruling using an abuse of discretion standard. *Tienda v. State*, 358 S.W.3d 633, 638 (Tex. Crim. App. 2012). Notwithstanding rules of evidence 404 and 405, evidence of other crimes, wrongs, or acts committed by a defendant against the child

who is the victim of the alleged offense shall be admitted for its bearing on relevant matters, including: (1) the state of mind of the defendant and the child and (2) the previous and subsequent relationship between the defendant and the child. TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2 (West 2005) (statute in effect at time of trial); *See Dixon v. State*, 201 S.W.3d 731, 734 (Tex. Crim. App. 2006) (appellant not entitled to be protected from admission of extraneous sexual offenses committed by him against child; article 38.37 permits admission of evidence of offenses to show previous and subsequent relationship between appellant and child victim). Evidence of extraneous acts committed in a county other than the county in which the charged offense occurred fall within the type of evidence allowed under article 38.37. *Burke v. State*, 371 S.W.3d 252, 256 (Tex. App.—Houston [1st Dist.] 2011, pet. dism'd, untimely filed) (evidence of extraneous sexual assaults occurring in Galveston County admissible under article 38.37 in prosecution for sexual assaults against same child in Brazoria County).

We note that the trial court instructed the jury in the charge that it could not consider testimony regarding the appellant having committed extraneous offenses "for any purpose" unless it found and believed beyond a reasonable doubt that appellant committed such other offenses. Even then, the jury was instructed it could only consider the testimony for the specific purposes listed in the charge, including "its bearing on the previous and subsequent relationship between the defendant and the child." There is nothing in the record to indicate that the jury did not follow the trial court's instructions. Under these circumstances, we conclude the trial court did not abuse its discretion in admitting evidence of the extraneous sexual assaults in Fort Worth. *See* We overrule appellant's sole point of error.

We affirm the trial court's judgment.


/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

111487F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

TIMOTHY ADAM FOLEY, Appellant

No. 05-11-01487-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 7, Dallas County, Texas
Trial Court Cause No. F11-00194-Y.
Opinion delivered by Justice Bridges.
Justices FitzGerald and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this  day of December 3, 2013.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE