

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00148-CR

BRYAN KEITH PRICE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 100th District Court
Collingsworth County, Texas
Trial Court No. 2880, Honorable Stuart Messer, Presiding

February 18, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Bryan Keith Price appeals his conviction of aggravated sexual assault of a child. In doing so, he contends that 1) the trial court abused its discretion in admitting evidence of prior extraneous offenses, 2) the trial court abused its discretion in admitting the testimony of Sherry Davis as an outcry witness, and 3) the evidence is insufficient to sustain the conviction. We affirm the judgment.

Appellant was accused of causing the sexual organ of the complainant to contact the mouth of Ernest Benton.[1] She was the eleven-year-old daughter of appellant, and he allegedly drove her to the home of Benton in Wellington. She went to sleep in the residence and awoke to Benton touching her vagina with his mouth. Appellant was in the same bed touching his penis. Appellant had previously had sexual contact with his daughter including his touching of her female sexual organ with his penis, hands, and mouth and his touching of her mouth with his penis but she did not tell anyone until appellant allowed Benton to abuse her.

*Extraneous Offenses*

In his first issue, appellant complains of the admission into evidence of previous acts of sexual abuse of the complainant by appellant. He contends they were inadmissible because they did not involve Benton, and thus they were not relevant. He also claims the prejudicial value substantially outweighs the probative value of the evidence. We overrule the issue.

Article 38.37 § 1 of the Code of Criminal Procedure permits the admission of evidence of "other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense . . . for its bearing on relevant matters, including: (1) the state of mind of the defendant and the child; and (2) the previous and subsequent relationship between the defendant and the child." TEX. CODE CRIM. PROC. ANN. art. 38.37§1(b)(1)&(2) (West Supp. 2013).[2] We review the trial court's decision to

---

[1] The offense is that of intentionally or knowingly causing the sexual organ of another person, without that person's consent, to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor. TEX. PENAL CODE ANN. § 22.011(a)(1)(C) (West 2011).

[2] To the extent that appellant relies upon *Bjorgaard v. State*, 220 S.W.3d 555 (Tex. App.— Amarillo 2007, pet. dism'd, improvidently granted), to support his argument that the evidence lacks relevancy, that case involved a prior conviction for indecency involving a different child).

admit the evidence for abuse of discretion. *Carrasco v. State*, 154 S.W.3d 127, 129 (Tex. Crim. App. 2005).

The child testified that appellant began touching her when she was ten-years-old at his home in Hedley, and he told her not to tell anyone. There was also evidence that while appellant was driving the child to Wellington to visit Benton, he spoke on the phone to someone and stated, "[D]on't worry, she won't tell." Additionally, the State was required to prove that appellant *caused* the sexual organ of the child to touch Benton's mouth. Appellant's previous use of his daughter as a sexual object is relevant to his use of her with another person to provide the other man or himself with sexual gratification. *See Burke v. State,* 371 S.W.3d 252, 257 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd, untimely filed) (holding that evidence of prior sexual acts was relevant to show how a person in a position of authority, custody, or care of a child develops an unnatural attitude and relationship toward that child); *see also Sanders v. State*, 255 S.W.3d 754, 759 (Tex. App.—Fort Worth 2008, pet. ref'd) (holding that evidence that the defendant gave the victim to his cousin for sex in payment for drugs showed that the defendant saw sex with the victim as a "tradable good he took lightly").

As to the prejudicial value of the evidence outweighing its probative value, we find no Rule 403 objection in the record, and appellant has not cited to one. Therefore, the complaint is waived. *Williams v.* State, 290 S.W.3d 407, 411 (Tex. App.—Amarillo 2009, no pet.).

*Outcry Witness*

Next, appellant argues that Sherry Davis was an improper outcry witness because the State failed to prove at the hearing that she was the first adult to hear the complainant's story. We overrule the issue.

Davis was a counselor at the school that the complainant attended. She was the only witness at the hearing and, at its conclusion, the trial court found the witness to be reliable and credible but reserved a ruling as to whether she was the first person to whom the complainant described the incident. However, at trial, prior to the testimony of Davis, the complainant stated that Davis was the first person she talked to about the assault. No evidence in the record contradicted this testimony, and appellant does not claim that there is evidence that the complainant first made outcry to another person. His complaint is that the court did not determine in a hearing outside the presence of the jury that Davis was the first person.

An outcry witness may testify about the victim's out-of-court description of the offense. *Sanchez v. State*, 354 S.W.3d 476, 479 n.1 (Tex. Crim. App. 2011). The witness must be the first person, eighteen years of age or older, to whom the child made a statement about the offense. TEX. CODE CRIM. PROC. ANN. art. 38.072 § 2(a)(3) (West Supp. 2013). Such a statement is not inadmissible hearsay if, among other things, "the trial court finds, in a hearing conducted outside the presence of the jury, that the statement is reliable based on the time, content, and circumstances of the statement." *Id.* art. 38.072 § 2(b)(2); *see also Sanchez v. State*, 354 S.W.3d at 487-88 (stating that an article 38.072 hearing is for the trial court to determine reliability based on time, content, and circumstances). The trial court made such a finding here. The

4

statute does not prescribe that it also make a finding *at the hearing* that the purported outcry witness is the first person told of the event.

Moreover, there was evidence prior to the testimony of Davis that she qualified as that person. The victim testified that Davis was the first adult she spoke to of the matter. So, irrespective of whether the trial court made an express finding on the matter or the victim failed to testify during the outcry hearing that Davis was the first adult to whom she spoke, evidence established the prerequisites of the outcry statute. Appellant suffered no harm even if there were a requirement to specifically find that Davis was the first adult spoken to about it.

*Sufficiency of the Evidence*

Finally, appellant argues that the evidence is insufficient to show that he *caused* the sexual organ of his daughter to contact the mouth of Benton. We overrule the issue.

We review the evidence under the standard discussed in *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010). Circumstantial evidence alone may be sufficient to establish guilt. *Hooper v.* State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

Here, the evidence showed that 1) appellant had sexually abused his daughter before and told her not to tell anyone, 2) he took her in a truck to visit Benton and, while driving there, he played a movie showing a man and a woman touching each other, 3) during this same trip, he told another person in a telephone conversation not to worry that "she won't tell," 4) while at Benton's home with Benton and appellant, the complainant was given "Kool-Aid" which did not taste like Kool-Aid and there was a bottle of blueberry vodka on the counter, 5) in the back room of the house a movie was on the television showing a naked man and woman touching each other, 6) the

5

complainant awoke in a bed without her clothes and with Benton touching her, 7) at the same time, appellant was lying in the same bed touching his own penis, and 8) during this event and presumably in front of appellant, Benton told the complainant that she was more beautiful without her clothes. This evidence is sufficient for a rational jury to find beyond a reasonable doubt that appellant intentionally and knowingly made his daughter available to Benton for the express purpose of Benton sexually abusing her.

Accordingly, the judgment is affirmed.


Per Curiam


Do not publish.