

AMANDA SHANAE WILLIS,

Appellant,

v.

THE STATE OF TEXAS,

Appellee.

§

§

§

§

§

§

No. 08-19-00065-CR

Appeal from the

109th District Court

Of Andrews County, Texas

(TC# 7243)

## O P I N I O N

Appellant, Amanda Shanae Willis, pled guilty to aggravated robbery and appeals the jury's sentencing to confinement by the Texas Department of Criminal Justice for a term of five years. TEX.PENAL CODE ANN. § 29.03. In two issues, Appellant asserts the trial court erred in permitting the State to cross-examine a character witness concerning a prior arrest of Appellant, and requests reversal of Appellant's sentencing on grounds of ineffective counsel. We affirm.

## BACKGROUND

### Factual Background

During Appellant's sentencing hearing, Appellant requested the jury recommend she be granted community supervision. Appellant called her mother to testify on her behalf—Paula Willis ("Ms. Willis"). Ms. Willis testified as a character witness, describing Appellant had a plan to make herself a successful probationer.

On cross-examination, Ms. Willis testified Appellant had not been in trouble since the date of the underlying charged offense. The State responded by impeaching Ms. Willis, asking, "[h]ave

you heard [Appellant] was arrested for possession of methamphetamine?" Defense counsel for Appellant timely objected, arguing the State was precluded from addressing the arrest "unless he can prove up every element of some case." The court requested a bench conference. The State explained Ms. Willis opened the door by stating Appellant had not been in trouble since. The court instructed the State limit its inquiry and overruled Appellant's objection.

Neither party objected to the court's charge as submitted to the jury. During jury deliberations, the jury foreman asked the court whether the jury was allowed to consider Appellant's methamphetamine possession arrest. The judge responded by stating the jury was required to follow the instructions as stated in the court's charge.

### *Procedural Background*

Appellant plead guilty to aggravated robbery and elected to have a jury assess punishment TEX.PENAL CODE ANN. § 29.03. The jury sentenced Appellant to confinement by the Texas Department of Criminal Justice for a term of five years. This appeal follows.

## DISCUSSION

In Issue One, Appellant asserts the trial court erred by overruling Appellant's objection to the State's questioning of a prior arrest during the cross-examination of Appellant's character witness. In Issue Two, Appellant argues defense counsel was ineffective at trial for failing to request the jury be instructed to not consider the prior arrest unless the State proved the offense beyond a reasonable doubt. We affirm.

### *Standard of Review*

We review a trial court's actions as to the admissibility of extraneous offense evidence for abuse of discretion. *Mitchell v. State*, 931 S.W.2d 950, 953 (Tex.Crim.App. 1996)(*quoting Saenz v. State*, 843 S.W.2d 24, 26 (Tex.Crim.App. 1992). This Court will reverse only upon a clear abuse

2

of discretion. *Wyatt v. State*, 23 S.W.3d 18, 26 (Tex.Crim.App. 2000). There is no abuse of discretion so long as the trial court's ruling is within the "zone of reasonable disagreement." *Devoe v. State*, 354 S.W.3d 457, 469 (Tex.Crim.App. 2011)(*quoting Prible v. State*, 175 S.W.3d 724, 731 (Tex.Crim.App. 2005)). "If the trial court's evidentiary ruling is correct on any theory of law applicable to that ruling, it will not be disturbed, even if the trial judge gave the wrong reason for his correct ruling." *Id*.

### *Applicable Law*

### Admissibility Under Article 37.07

The Texas Code of Criminal Procedure permits the presentation of evidence of extraneous crimes or bad acts committed by the defendant during the punishment phase of trial for the purpose of assessing punishment. TEX.CODE CRIM.PROC.ANN. art. 37.07, § 3(a)(1), *see Smith v. State*, 577 S.W.3d 548, 551 (Tex.Crim.App. 2019). The evidence must be relevant to sentencing, and it is relevant if it is "helpful to the jury in determining the appropriate sentence for a particular defendant in a particular case." *Beham v. State*, 559 S.W.3d 474, 479 (Tex.Crim.App. 2018)(*quoting McGee v. State*, 233 S.W.3d 315, 318 (Tex.Crim.App. 2007)). The Texas Court of Criminal Appeals has held the distinction between crimes and bad acts under Article 37.07 as irrelevant. *Smith*, 577 S.W.3d at 551. Furthermore,

> [u]nlike the guilt-innocence phase, the question at punishment is not whether the defendant has committed a crime, but instead what sentence should be assessed. Whereas the guilt-innocence stage requires the jury to find the defendant guilty beyond a reasonable doubt of each element of the offense, the punishment phase requires the jury only [to] find that these prior acts are attributable to the defendant beyond a reasonable doubt.

*Smith*, 577 S.W.3d at 551, (*citing Haley v. State*, 173 S.W.3d 510, 515 (Tex.Crim.App. 2005).

3

Thus, whether the extraneous conduct meets the legal definition of a criminal offense is never a relevant consideration in the punishment phase of trial. *Id*.

### Admissibility Under Rule 405

A person's character or character trait may be proved by testimony about the person's reputation or by testimony in the form of an opinion. TEX.R.EVID. 405(a)(1). On cross-examination of the character witness, inquiry may be made into relevant specific instances of the person's conduct when the character witness has testified to the person's good character. TEX.R.EVID. 405(a)(1); *see Wilson v. State*, 71 S.W.3d 346, 350 (Tex.Crim.App. 2002). When a defendant in a criminal case has called a character witness to testify on her behalf, she has opened the door "for the State to rebut evidence of h[er] good character with its own evidence of the accused's bad character[,]" including relevant specific instances of conduct. *See Wheeler v. State*, 67 S.W.3d 879, 886 n.16 (Tex.Crim.App. 2002)(*citing* Rule 404(a)(1)(A));TEX.R.EVID. 404, 405.

The State's cross-examination of the character witness is limited to: (1) the specific instances "inquired about must be relevant to the character traits at issue[,]" (2) "the alleged bad act must have a basis in fact[,]" and (3) the foundation for the question "should be laid outside the jury's presence" so the judge may rule on propriety. *Wilson*, 71 S.W.3d at 351. Although there is no distinction between opinion and reputation testimony on cross-examination, the traditional method is impeaching opinion witnesses with "did you know" questions, and reputation witnesses with "have you heard" questions. *Id*. at n.4, (*citing* 1 Steven Goode Et Al., Guide To The Texas Rules Of Evidence: Civil And Criminal § 405.2.4 (2d ed. 1993)). Furthermore, when inquiring into specific conduct for impeachment purposes, the State is permitted to ask about specific instances of conduct, but may not probe into whether the specific conduct actually occurred. *Id*.

### *Analysis*

4

Relying on *Harrell v. State*, 884 S.W.2d 154 (Tex.Crim.App. 1994) and *Mitchell*, 931 S.W.2d at 950, Appellant contends evidence of an extraneous offense, without it being proven beyond a reasonable doubt, is inadmissible for purposes of assessing punishment. Appellant asserts because the State failed to prove the arrest beyond a reasonable doubt, the trial court erred by overruling Appellant's objection, and defense counsel's subsequent failure to request a reasonable doubt jury instruction amounted to ineffective counsel, requiring reversal. We disagree.

Article 37.07 applies when extraneous offenses are offered for purposes of assessing punishment, and any evidence relevant to sentencing may be offered, including the defendant's general reputation, his or her character, and opinions regarding his or her character. *See* Article 37.07, § 3(a)(1)("[E]vidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing[.]"); *Johnson v. State*, 357 S.W.3d 653, 659 (Tex.Crim.App. 2012)(A court performs "its duty under Article 37.07" when it accepts "evidence offered 'as to any matter the court deems relevant to sentencing.'"). In the instant case, the prior arrest was introduced by the State during the cross-examination of Ms. Willis, who testified Appellant had not been in trouble since the robbery occurred.

The record states in relevant part:

| | |
|---|---|
| Ms. Willis: | [Appellant] has taken responsibility. *She's not been in trouble since.* She is trying to start a business. |

.     .     .

| | |
|---|---|
| The State: | Now, you say she hasn't been in trouble since. *Have you heard* she was arrested for possession of methamphetamine? |

.     .     .

| | |
|---|---|
| The State: | *Have you heard that*, ma'am? |
| Ms. Willis: | Have I heard that she -- |

5

The State:         Been arrested since this on --

Ms. Willis:        Yes, I've heard that. [Emphasis added].

By testifying Appellant had not been in trouble since, Ms. Willis invited the inquiry, i.e., she "opened the door" to the inquiry, permitting the State to impeach her in the form of a "have you heard" question. As the State explained to the trial judge during the bench conference, the purpose of its question was to affect the credibility of Ms. Willis, not to prove the arrest. The bench record conference reads in relevant part:

The Court:   All right. I don't think you can open your own door, though.

The State:   Well, [Ms. Willis] did. She said that [Appellant] hasn't been in any trouble since. All I can ask -- I can't go into it if she says, No, I haven't heard it . . . .

The Court:   Okay.

The State:   And I'm not asking -- It's not opening a door or anything.

.         .         .

The Court:   Okay, all right.

The State:   I'm not going any further.

The Court:   Limit it.

The State:   That's the only question.

.         .         .

Defense:     Can I get a ruling, Judge?

The Court:   The objection is overruled.

The State did not invite Ms. Willis's response; the State merely asked whether Appellant had taken responsibility since the robbery occurred. Ms. Willis could have limited her response to, "[Appellant] has taken responsibility[,]" and would have adequately answered the question.

6

However, Ms. Willis went further by adding "[s]he's not been in trouble since." This response was not elicited by the State, it was volunteered by Ms. Willis and it opened the door to impeachment because it was relevant to the character trait at issue. *See Parnell v. State*, No. 13-16-00038-CR, 2017 WL 3769726, at *4 (Tex.App.—Corpus Christi 2017, pet. ref'd)(mem. op., not designated for publication)(finding "[b]ecause a defense witness volunteered her opinion as to appellant's good character, the trial court did not abuse its discretion in permitting the State to cross-examine the witness with specific instances of appellant's misconduct.").

The trial court properly overruled Appellant's objection and was not required to instruct the jury on the reasonable doubt standard. The *Huizar* opinion observed, "[w]hile [Article 37.07] section 3(a) says nothing about the submission of a jury instruction to this effect, such instruction is logically required *if the jury is to consider the extraneous-offense and bad-act evidence under the statutorily prescribed reasonable-doubt standard*." *Huizar v. State*, 12 S.W.3d 479, 484 (Tex.Crim.App. 2000) [Emphasis added]. In other words, the jury must be instructed on the reasonable doubt standard only if it is to properly consider said extraneous offense evidence when assessing punishment. *See id*.

The State offered evidence of Appellant's arrest only in response to Ms. Willis's response for the sole purpose of impeaching the character witness. Article 37.07 does not control cross-examination of character witnesses with respect to specific instances of a person's conduct if it is relevant to the character presented by that witness and based on facts; rather, Rule 405 governs. The purpose of Rule 405 in cross-examination is "to test the character witness, not to introduce extraneous acts." *Burke v. State*, 371 S.W.3d 252, 261 n.4 (Tex.App.—Houston [1st Dist.] 2011, pet. dism'd, untimely filed). This is the exact fact scenario here; the arrest was not introduced to assist the jury in assessing punishment, it was introduced for impeachment purposes pursuant to

Rule 405. In *Graves*, the court held the Article 37.07 jury instruction required by *Huizar* was "limited to extraneous offense or bad act evidence actually admitted at the penalty stage of the trial, but then extended *Huizar* to hold that the required jury instruction was necessary for extraneous offense evidence from the guilt stage *only if that evidence was in turn used at the penalty stage.*" *Wright v. State*, 212 S.W.3d 768, 779 (Tex.App.—Austin 2006, pet. ref'd)(citing *Graves v. State*, 176 S.W.3d 422, 432 (Tex.App.—Houston [1st Dist.] 2004, pet. struck) [Emphasis added].

As argued during the sentencing hearing and in its brief, the State proffered the evidence of the arrest as a means to impeach Ms. Willis's credibility. The State properly limited its inquiry to a "have you heard" question. Appellant's arrest for possession of methamphetamine was not mentioned again during the hearing, and the State did not mention the arrest during its closing arguments, nor did the court's charge permit the jury to find Appellant guilty of the charge. The State further emphasizes this was proper use of character evidence because Appellant was requesting the jury grant her community supervision, which put her ability to comply with its requirements, a character trait, at issue. We agree.

The trial court's overruling of Appellant's objection was proper, and we find no abuse of discretion. The trial court was not required to instruct the jury to only consider the arrest if proven beyond a reasonable doubt. Issue One is overruled.

Because the trial court's overruling of Appellant's objection was proper, we need not reach the issue of ineffective counsel. Appellant was not entitled to a jury instruction and thus, defense counsel could not have been ineffective in failing to request one. When making an objection is futile, the trial counsel's failure to do so does not constitute ineffectiveness. *Burke*, 371 S.W.3d at

257, (*citing Ex parte White*, 160 S.W.3d 46, 53 (Tex.Crim.App. 2004)). Issue Two is overruled as moot.

## CONCLUSION

For these reasons, we affirm.


February 3, 2021

YVONNE T. RODRIGUEZ, Chief Justice

Before Rodriguez, C.J., Palafox, and Alley, JJ.

(Do Not Publish)